FILED

2015 May-18 PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

2015 MAY 18 A II: IU
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

(NORTHEASTERN DIVISION)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE No. 1:90-CR-00266 |
| | ) | |
| DAVID RONALD CHANDLER, | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION CHALLENGING JURISDICTION IN VIOLATION OF THE

## UNITED STATES CONSTITUTION

COMES NOW, Defendant, David Ronald Chandler, PRO-se in this matter, and is hereby filing his Motion Challenging Jurisdiction in violation of the United States Constitution. PRO-se Defendant David Ronald Chandler respectfully request this Court pursuant to **Haines v. Kerner**, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) to construe this Motion liberally. PRO-se Motions drafted by prisoners are not held to the same standards as pleadings drafted by lawyers, Courts are obligated to construe PRO-se complaints liberally.

Defendant, David Ronald Chandler, PRO-se and without the assistance of counsel in the above captioned cause respectfully states to the Court as follows:

1.

1. Chandler presents evidence that demonstrates the failure of the United States District Court For The Northern District of Alabama, Birmingham Division, to obtain subject matter jurisdiction from the State of Alabama pursuant to the doctrine of Comity until after his State prosecution and conviction. The District Court conducted trial without required subject matter jurisdiction in violation of the United States Constitution.

   Subject matter jurisdiction cannot be stipulated to, forfeited or waived, see **United States v. Cotton**, 535 U.S. 625, 630 (2002); and **Insurance Corp. of Ireland v. Compagnie des Bauxites de Gwinee**, 456 U.S. 694 703 (1982). Subject matter jurisdiction is an Art.III, 1. [ of the United States Constitution ] see above cases.

2. **Doctrine of Comity**: Comity is the agreement between two sovereigns as to how each one may exercise its powers within the jurisdiction of the other. The Doctrine of Comity is the development of this relationship through judicial decisions and defines the rights and responsibilities of each sovereign.See **Hilton v. Guyot**, 159 U.S. 113 (1895).

   Under the Doctrine of Comity, subject matter jurisdiction becomes prioritized according to which sovereign initiates proceedings first. " When a State Court and a Court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted and this rule applies alike in both Civil and Criminal cases." See **Harkrader v. Wadley**, 172 U.S. 148, 164 (1898)

Therefore, in a situation in which a State initiates a criminal prosecution against a defendant prior to the Federal Government, the State, under the Doctrine of Comity, retains jurisdiction of the offense and of the accused until the State's criminal prosecution is completed by the way of conviction, acquittal or dismissal.

## Statement of Facts

**A.   State Custody And Proceedings:**

On September 25, 1990, Calhoun County Sheriff Deputies executed a warrantless arrest of David Ronald Chandler. On October 5, 1990, the State of Alabama indicted Chandler, charging him with conspiracy to commit murder. See Exhibit-A Indictment by State of Alabama, Case No. CC-90-1042

On October 17, 1990, the Circuit Court of Calhoun County arraigned Chandler on the Indictment and entered a not guilty plea. Additionally, the Circuit Court ordered a $500,000 bond. See Exhibit -B; Case Action Summary Case No. CC-90-1042. Chandler was unable to make bond.

Under Alabama law, arraignment is a critical stage in a criminal proceeding, **Hamilton v. Alabama**, 368 U.S. 52, 53 (1961) an arraignment begins the criminal prosecution, Id., at 54 n4.

The State of Alabama began its prosecution on October 17, 1990, prior to the initiation of any federal proceedings; By not letting the State of Alabama finish their prosecution, which attached first, this caused Chandler undeniable prejudical harm, because had Chandler been acquitted, there could not have been an 848 E, the first Federal action against Chandler was an Indictment on December 13, 1990. Under the

3.

doctrine of comity, subject matter jurisdiction attached to the State of Alabama's Criminal prosecution first and, because Chandler was unable to make bond, the State of Alabama retained custody and subject matter jurisdiction until the completion of its prosecution on April 19, 1991, with the case dismissal.

When the United States began its prosecution of Chandler on December 20, 1990, the United States could not obtain subject matter jurisdiction through the doctrine of comity since the State was actively prosecuting Chandler until April 19, 1991. Neither did the United States obtain subject matter jurisdiction through one of the exceptions to comity. Aggravating the situation further, the United States violated the doctrine of abstention by disrupting the State's prosecution and causing the case to be removed to the Administrative Docket on January 30, 1991.

## B. Federal Custody:

On December 13, 1990, the United States indicted Chandler on one count of conspiracy to distribute, or attempt to distribute, a schedule 1 controlled substance to-wit, marijuana. The indictment was initially sealed, but on December 17, 1990, the United States District Court For The Northern District of Alabama, Birmingham Division, ordered the Indictment unsealed. On December 20, 1990, the District Court arraigned Chandler on that Indictment. The Federal prosecution began with Chandler's arraignment on December 20, 1990 and ended with his conviction on April 2, 1991. See **Hamilton v. Alabama,** 368 U.S. at 54 n. 4 ( "under federal law an arraignment is a sine qua non to the trial itself-the preliminary stage where the accused is informed of the Indictment and pleads to it, thereby formulating the issue to be tried.

4.

The Federal Government did absolutely nothing to gain custody of Chandler from the State of Alabama. (1) "There was no Extradition Demand by the U.S. Attorney General's Office to the Governor of Alabama for custody of David Chandler". (2) "There was no Federal detainer or hold placed on Chandler while he was in custody at Jefferson County Jail;" (3) "There was no request for temporary Custody by the United States Attorney General to the Governor of Alabama" relating to Chandler. (4) "There was no Writ of habeas corpus and prosequendum issed in Case **1:90-CR-00266**; and (5)"There was no Federal Arrest warrant and return". See Exhibit-C: U.S. Department of Justice, Criminal Division, Washington D.C. F.O.I.A. request.

To further assist the Court in Chandler's explanation of the facts, please see Exhibit-D.

## CONCLUSION

The United States violated the doctrine of Comity and abstention in its rush to prosecute Chandler. The United States failed to exercise an exception to either doctrine causing the District Court to lack subject matter jurisdiction for its prosecution of Chandler.

## RELIEF REQUESTED

Chandler requests an evidentiary hearing to determine if Chandlers Constitutional Rights were violated.

5.

6.

Respectfully Submitted,

*David Ronald Chandler*

David Ronald Chandler
17867-001, Sigma-A
F.C.I. Talladega
P.O. Box 1000
Talladega, AL. 35160

6.

GRAND JURY DOCKET No. 194

**INDICTMENT**
(General)

CIRCUIT COURT No. CC-90.1042
ID - Yr. - Number

STATE OF ALABAMA }
CALHOUN COUNTY }

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

OCTOBER
(Month)
, SESSION, 19 90

The Grand Jury of **Calhoun** County charge that, before the finding of this Indictment . . . ..

David Ronald Chandler

whose true name is to the Grand jury otherwise unknown, did agree with Charles Ray Jarrell, Sr. and Billy Jo Jarrell to commit the crime of Murder (§13A-6-2 of the Code of Alabama) against the person of Marlin Earl Shuler with the intent that conduct constituting said offense be performed and that Charles Ray Jarrell, Sr. did shoot Marlin Earl Shuler with a pistol in furtherance of said crime, in violation of §13A-4-3 of the Code of Alabama,

A

AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA

Signed _____
District Attorney, Seventh Judicial Circuit of Alabama

A TRUE BILL

Signed _____
FORELADY-FOREMAN

NO -or- _____, Prosecutor

INDICTMENT FILED:
date Oct. 5, 19 90

Indictment received in Open Court by Judge from Foreman (Forelady) in presence of at least 11 other Grand Jurors.

Bond Set at $ 500,000

Signed _____
JUDGE

Signed _Forrest Dobbins_ Clerk of Circuit Court
-or-
Signed _____ Deputy Clerk - Ass't

CC·90-1042

ALABAMA JUDICIAL INFORMATION CENTER

CASE ACTION SUMMARY
CIRCUIT CRIMINAL                          CASE: CC 90 001042 00

IN THE CIRCUIT COURT OF    CALHOUN    COUNTY                    JUDGE: RJL

STATE OF ALABAMA                    VS    CHANDLER DAVID RONALD
                                          RT 2 BOX 473 E
CASE: CC 90 001042 00                     PIEDMONT

CHARGE: CNSP COMM MUR    TYPE: F         DATE WAR/CAP ISSUED:    _/_/_
LITERAL: CONSPIRACY/COMMIT MURDER 13A-43 DATE ARRESTED:         _/_/_
DEFENDANT STATUS: FUGITIVE               DATE HEARING:          _/_/_
DEFENSE ATTORNEY:                        DATE RELEASED:         _/_/_
PROSECUTOR:    FIELD, ROBERT MARSHALL    DATE ARRAIGNED:        10/17/90
OFFICER:                     COUNSEL:    DATE TRIAL: _____ TIME:
DATE OF BIRTH:                           BOND/TYPE SURETIES:
RACE: W                    SEX: M        BOND AMOUNT:     $500000 .00
ALIAS NAME:                              DATE INDICTED:         10/05/90
AGENCY:                                  DATE FILED:            10/05/90
DC CASE NUMBER   DC 00 000000 00         WORTHLESS CHECK NO:
GRAND JURY NUMBER: 194                   COURT REPORTER:
ADDITIONAL INFORMATION AND REMARKS       SID NO:

                        *Nolle Prossed*

ACTIONS, JUDGMENTS, CASE NOTES                                          B

No Bindover. 10/6/90 GJ Capias issd.

10/17/90 OPNG. to hire atty.

Set 11/5/90

1-30-91  This case is Hereby Ordered Removed to the
         Administrative Docket.
                                        RJL  CC:DA

4/19/91  UPON MOTION OF THE HONORABLE JOE HUBBARD, THIS CASE IS HEREBY

         NOLLE PROSSED.                              RJL

         CC:DH+prcel



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

CRM-200800909P                                MAY 1 8 2010

Mr. David R. Chandler
Reg. No. 17867-001
United States Penitentiary
P.O. Box 5300
Adelanto. CA 92301

Dear Mr. Chandler:

This is in further response to your requests dated December 7, 2008, January 11, 2009 and January 20, 2009.

Subsequent to our response dated December 11, 2009 additional records were located concerning you. Upon review, however, none of the five documents requested were located, specifically (a) "any Extradition Demand by the U.S. Attorney General's Office to the Governor of Alabama" for custody of David Chandler; (b) "Any Federal detainer or hold placed on...Chandler while he was in custody at Jefferson County Jail"; (c) "Any request for Temporary Custody by the United States Attorney General to the Governor of Alabama" relating to Chandler; (d) "Writ of habeas corpus ad prosequendum issued in Case " 1:90-CR-00266"; and (e) "Federal Arrest warrant and return".

If you consider this response to be a denial of your request, you have a right to an administrative appeal of this determination. Your appeal should be addressed to: Office of Information Policy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. Both the envelope and the letter should be clearly marked with the legend "FOIA Appeal." Department regulations provide that such appeals must be received by the Office of Information Policy within sixty days of the date of this letter. 28 C.F.R. 16.9. If you exercise this right and your appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principal place of business, (3) in which the records denied are located, or (4) for the District of Columbia. If you elect to file an appeal, please include, in your letter to the Office of Information Policy, the Criminal Division file number that appears above your name in this letter.

Sincerely,

Rena Y. Kim, Chief
Freedom of Information/Privacy Act Unit

I was being tried by the State and Federal at the same time for the same alleged crime.

Arrested by State 9-25-90

| State of Alabama |

10-5-90
| State Indictment |

10-17-90
| State arraignment |

(Hamilton v Alabama)
Prosecution begins
and
Subject matter jurisdiction
attaches through
Doctrine of Comity
(Harkrader v. Wadley)

1-30-91
| administrative Docket |

4-17-91
| State nolle prossed |

outside of Exception to
Doctrine of Comity.
Subject matter jurisdiction
only transfers from
State to Federal — now

Shared (concurrant)
Subject matter Jurisdiction

| Federal Government |

Superseding Indictment

12-13-90
| Federal Indictment |

12-20-90
| Federal arraignment |

4-2-91
| Trial and Conviction |

1-9-91 → 1-15-91

at this point the Federal
Government must perform
exception to Doctrine of
Comity through Federal
Constitution and/or Law.
① Extradition
② writ of ad prosequendum
③ Extraordinary circumstances
④ warrant

The Federal Government did none of the above
thus violateing my constitutional rights and breaking

## CERTIFICATE OF SERVICE

I the undersigned David Ronald Chandler hereby certifies that on May 13 2015, a true and correct copy of the foregoing documents was forwarded to the following address with proper postage affixed there on in the prison legal mail system.

To: Joyce Vance
    1801 4th Ave. North
    Birmingham, AL. 35203-2101

s/David Ronald Chandler
**David Ronald Chandler**