FILED

2015 Jun-04 AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:90-cr-266-JHH-TMP |
| | ) | |
| DAVID RONALD CHANDLER, | ) | |
| | ) | |
| Defendant, Movant. | ) | |

**ORDER TO SHOW CAUSE**

On May 18, 2015, the Court received a pleading by the movant, David Ronald Chandler, which must be construed to be a motion pursuant to 28 U.S.C. § 2255 attacking his 1991 conviction. A review of the court's records indicates that this petition is a "second or successive" motion challenging this conviction, the movant having an earlier § 2255 motion on March 20, 1995. (Doc. 326). The first motion was denied and dismissed with prejudice by the court on April 7, 1997. (Doc. 494). See Chandler v. United States, 1:95-cv-8005-JHH-TMP. The United States Court of Appeals for the Eleventh Circuit, *en banc*, affirmed the denial of the first § 2255 on October 20, 2000. (Doc. 539). The instant motion, thus, is movant's second motion filed pursuant to § 2255.

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") made several changes in the law relating to habeas corpus procedure. One of the changes was an amendment to 28 U.S.C. § 2244 that added the following provisions:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and except as provided in section 2255.

. . .

(b)(3)(A) Before a second or successive application permitted by this section is filed in district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(b)(3)(B)  A motion in the court of appeals for an order authorizing the filing of a second or successive application shall be determined by a three-judge panel of the court of appeals.

Section 2255 provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The clear effect of this provision is to establish a statutory pre-condition to the filing of a "second or successive" motion, requiring the applicant to first obtain the authorization of the United States Court of Appeals for the Eleventh Circuit before it is filed in the district court.  The statute intends to prevent the filing of a successive motion and to deprive the district court of any power to consider such a motion unless and until it has been authorized by the appropriate court of appeals.  The restrictions on the successive motion imposed by the amendments to the statute apply to the second motion even if the first motion was denied prior to the effective date of the AEDPA.  In re Medina, 109 F.3d 1556, 1561 (11th Cir. 1997).

In this case, the current motion, appears to be a "second or successive" motion attacking this conviction by this movant.[1]  It does not appear that the court of appeals has authorized the filing of the action as required by § 2244(b).

The movant is hereby DIRECTED to show cause in writing and under oath, if any cause exists, within fifteen (15) days after the entry of this Order, why this motion should not be dismissed due to the failure of the movant to obtain the authorization of the court of appeals for the filing of the motion.  Unless the movant can show cause why the above-quoted provision should not apply to his motion, the motion will be dismissed without further notice.

The Clerk is DIRECTED mail a copy of this Order to the movant.

DONE this 4th day of June, 2015.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE

---

[1]    Even if movant could demonstrate that the instant motion is not successive, it appears clear that the motion is due to be dismissed as time-barred.