FILED
2015 Jun-19 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

FILED

2015 JUN 19 A 10: 11

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br> DAVID RONALD CHANDLER,<br><br>  Defendant, Movant. | Case No. 1:90-cr-266-JHH-TMP |

## MOTION TO SHOW CAUSE

**COMES NOW,** David Ronald Chandler, PRO-se in this matter, and is hereby filing his Motion To Show Cause. Chandler presents evidence that demonstrates the failure of the United States District Court for the Northern District of Alabama, Birmingham Division, to obtain subject matter jurisdiction from the State of Alabama pursuant to the doctrine of comity until after his State prosecution. The District Court conducted Chandler's Trial without the required subject matter jurisdiction, which renders the conviction void. **Since subject matter jurisdiction cannot be stipulated to, waived, or forfeited, an avenue into Court must be made available to correct any defects.** Chandler is unable to raise a lack of subject matter jurisdiction by Motion pursuant to 28 U.S.C. 2255 because the issue would be procedurally defaulted under the **Tenet Doctrine.**

1.

The Tenet Doctrine, which establishes a priority of jurisdiction, dictates that Courts use the " **procedural rules** " same as Defendant. Governing a Court's jurisdiction to dismiss a Motion prior to a ruling on the merits, even if the Motion raises a claim involving a defect in the Court's subject matter jurisdiction. Chandler's inability to meet the strict procedural requirements of second or successive Motion pursuant to 28 U.S.C. 2255 in this specific case causes the remedy under 2255 to be inadequate or ineffective and permits him to file a Motion in the District Court raising the issue of subject matter jurisdiction.

Chandler files this motion asking the District Court to rectify a procedural error committed by the District Court by not gaining subject matter jurisdiction from the State of Alabama. Chandler knows if this Court does not correct its procedural error that it committed by not issuing a writ in the beginning to gain custody of Chandler from the State of Alabama, that Chandler will be procedurally barred from Due Process of the Law, even though the Supreme Court in United States v. Cotton, 535 U.S. 625 (2002) declared that "Subject matter jurisdiction, because it involves a Court's power to hear a case, can never be forfeited or waived." Id. at 630. The result is that defects in a Court's subject matter jurisdiction cannot be procedurally defaulted.

Under AEDPA, the statutory restrictions on second or successive motions pursuant to 28 U.S.C. § 2255(h) procedurally default claims of a lack of subject matter jurisdiction. See, Tenet v. Doe, 544 U.A. 1, at 6 ftn. 4 (2005)(The Court held that a federal court is not obliged to decide jurisdictional issues before certain non-jurisdictional "rule[s] designed not merely to defeat the asserted

2.

claims, but to preclude judicial inquiry."). Since subject matter jurisdiction cannot be procedurally defaulted, § 2255 is inadequate or ineffective to determine Chandler's claim.

If the United States District Court for the Northern District of Alabama, Birmingham Division does not correct its procedural error, then Chandler will be procedurally barred from having any avenue to the Court even though the law states that subject matter jurisdiction cannot be procedurally defaulted.

1. Chandler presents evidence that demonstrates the failure of the United States District Court for the Northern District of Alabama, Birmingham Division, to obtain subject matter jurisdiction from the State of Alabama pursuant to the Doctrine of Comity until after his State prosecution and conviction. The District Court conducted tiral without required subject matter jurisdiction in violation of the United States Constitution.

   Subject matter jurisdiction cannot be stipulated to, forfeited or waived. See United States v. Cotton, 535 U.S. 625 630 (2002); and Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinne _ 456 U.S. 694, 703 (1982). Subject matter jurisdiction is an Art. III, 1 [of the United States Constitution]. See above cases.

2. Doctrine of Comity: Comity is the agreement between two sovereigns as to how each one may exercise its powers within the jurisdiction of the other. The Doctrine of Comity is the development of this relationship through judicial decisions and defines the rights and responsibilities of each sovereign. See Hilton v. Guyot, 159 U.S. 113 (1895).

Under the Doctrine of Comity, subject matter jurisdiction becomes prioritized according to which sovereign initiates proceedings first. "When a State Court and a Court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted and this rule applies alike in both Civil and Criminal cases." Harkrader v. Wadley, 172 U.S. 148, 164 (1898).

Therefore, in a situation in which a State initiates a criminal prosecution against a defendant prior to the Federal Government, the State, under the Doctrine of Comity, retains jurisdiction of the offense and of the accused until the State's criminal prosecution is completed by the way of conviction, acquittal or dismissal.

### Statement of Facts

A. State Custody and Proceedings:

On September 25, 1990, Calhoun County Sheriff Deputies executed a warrantless arrest of David Ronald Chandler. On October 5, 1990, the State of Alabama indicted Chandler, charging him with conspiracy to commit murder. See Exhibit A; Indictment by State of Alabama, Case No. CC-90-1042.

On October 17, 1990, the Circuit Court of Calhoun County arraigned Chandler on the indictment and entered a not guilty plea. Additionally, the Circuit Court ordered a $500,000 bond. See Exhibit B; Case Action Summary, Case No. CC-90-1042. Chandler was unable to make bond.

**4.**

Under Alabama law, arraignment is a critical stage in a criminal proceeding, Hamilton v. Alabama, 368 U.S. 52, 53 (1961). An arraignment begins the criminal prosecution. Id. at 54 n4.

The State of Alabama began its prosecution on October 17, 1990, prior to the initiation of any federal proceedings; By not letting the State of Alabama finish their prosecution, which attached first, this caused Chandler undeniable prejudicial harm, because had Chandler been acquitted, there could not have been an 848 E, the first Federal action against Chandler was an indictment on December 13, 1990. Under the Doctrine of Comity, subject matter jurisdiction attached to the State of Alabama's criminal prosecution first and, because Chandler was unable to make bond, the State of Alabama retained custody and subject matter jurisdiction until the completion of its prosecution on April 19, 1991, with the case dismissal.

When the United States began its prosecution of Chandler on December 20, 1990, the United States could not obtain subject matter jurisdiction through the Doctrine of Comity since the State was actively prosecuting Chandler until April 19, 1991. Neither did the United States obtain subject matter jurisdiction through one of the exceptions to comity. Aggravating the situation further, the United States violated the Doctrine of Abstention by disrupting the State's prosecution and causing the case to be removed to the Administrative Docket on January 30, 1991.

B. Federal Custody

On December 13, 1990, the United States indicted Chandler on

5.

one count of Conspiracy to Distribute, or Attempt to Distribute, a Schedule I Controlled Substance, to wit, marijuana. The indictment was initially sealed, but on December 17, 1990, the United States District Court for the Northern District of Alabama, Birmingham Division, ordered the indictment unsealed. On December 20, 1990, the District Court arraigned Chandler on that indictment. The Federal prosecution began with Chandler's arraignment on December 20, 1990 and ended with his conviction on April 2, 1991. See Hamilton v. Alabama, 368 U.S. at 54 n.4 ("Under federal law an arraignment is a sine qua non to the trial itself - the preliminary stage where the accused is informed of the indictment and pleads to it thereby formulating the issue to be tried.

The Federal Government did absolutely nothing to gain custody of Chandler from the State of Alabama. (1) "There was no extradition demand by the U.S. Attorney General's office to the Governor of Alabama for custody of David Chandler", (2)"There was no Federal detainer or hold placed on Chandler while he was in custody at Jefferson County Jail;" (3) "There was no request for temporary custody by the United States Attorney General to the Governor of Alabama" relating to Chandler."; (4) "There was no writ of habeas corpus ad prosequendum issued in case no. 1:90-CR-00266 and (5) "There was no federal arrest warrant and return." See Exhibit -C, U.S. Department of Justice, Criminal Division, Washington D.C. F.O.I.A. request.

Further complicating matters, the Federal Government solicited the help of Joe Hubbard, the State prosecutor that was prosecuting

6.

Chandler in the State case, to assist the Federal prosecutor, Harwell Davis, to prosecute Chandler in the Federal case. Prosecutor Hubbard and Davis knew that Chandler had been arraigned in the State of Alabama on October 17, 1990, and since attorneys admitted to the bar are presumed to know the law, See Strickland v. Washington, 466 U.S. 668, 689-91 (1984), they had to know that the State of Alabama obtained subject matter jurisdiction of Chandler upon arraignment. Hubbard and Davis also knew that Chandler was arraigned by the Federal Government on December 20, 1990 and that there was no warrant or writ of habeas corpus ad prosequendum issued in Chandler's case CR 1:90-CR-00266, because there is no entry for either in the Federal Master Criminal Docket Sheet. To show that the Federal Government is not ignorant of what a writ is used for, on page 36 of the same Master Criminal Docket Sheet dated 10/26/1995, some four years after Chandler's Federal arraignment, entry 425 states, WRIT AP as to David Ronald Chandler ref 10/31/95 at 9:00 a.m. for hrg issued per oral order of Hon. James H. Hancock del USM (former employee) modified on 10/26/1995 (Entered: 10/26/1995) This writ does not pertain to Chandler's federal arraignment. See p. 36 of MCDS Exhibit D.

Now that Chandler has shown that the Government is not ignorant of what a writ of habeas corpus ad prosequendum is used for and that there is no other entry for a writ in the entire Master Criminal Docket Sheet ordered by a Federal Judge or a Magistrate Judge, nor is there one for a warrant and since attorneys admitted to the bar are presumed to know the law, they had to know that the

Federal Government did not gain subject matter jurisdiction of Chandler from the State of Alabama by writ nor warrant. Hubbard and Davis, the two prosecutors, and Federal Judge James H. Hancock knew that Chandler had been arraigned by the State and they also knew that there was no warrant nor was there a writ ordered by a Federal Judge entered in the Master Criminal Docket Sheet, so presuming that they knew the law, they did knowingly and willingly prosecute Chandler without having subject matter jurisdiction showing a blatant disregard for the law and Chandler's Constitutional rights.

## Conclusion

The United States violated the Doctrine of Comity and abstention in its rush to prosecute Chandler. The United States failed to exercise an exception to either doctrine causing the District Court to lack subject matter jurisdiction for its prosecution of Chandler.

## Relief Requested

Chandler requests an evidentiary hearing to determine if the Federal Government had the authority to do what they did.

Respectfully submitted,

David Ronald Chandler

David Ronald Chandler
#17867-001, Sigma A
FCI Talladega
PMB 1000
Talladega, AL 35160

8.

## Certificate of Service

I, the undersigned David Ronald Chandler hereby certify that on June __16__ , 2015, a true and correct copy of the foregoing document was forwarded to the following address with proper postage affixed thereon in the prison legal mail system.

To: Joyce Vance
    1801 4th Ave. North
    Birmingham, AL 35203-2101

s/ _David Ronald Chandler_
   David Ronald Chandler

## Verification

I, David Ronald Chandler, affirm under penalty of perjury, that the foregoing is true and correct.

_June 16 2015_

Date

_David Ronald Chandler_

David Ronald Chandler
#17867-001
FCI Talladega
PMB 1000
Talladega, AL 35160

9.

**EXHIBIT A**

| | | |
|---|---|---|
| GRAND JURY DOCKET No. 194 | **INDICTMENT**<br>(General) | CIRCUIT COURT No. cc-90.1042<br>ID - Yr. - Number |

STATE OF ALABAMA   }
CALHOUN COUNTY   }

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

OCTOBER _____ , SESSION, 19 90
(Month)

The Grand Jury of Calhoun County charge that, before the finding of this Indictment . . . .

David Ronald Chandler

whose true name is to the Grand Jury otherwise unknown, did agree with Charles Ray Jarrell, Sr. and Billy Jo Jarrell to commit the crime of Murder (§13A-6-2 of the Code of Alabama) against the person of Marlin Earl Shuler with the intent that conduct constituting said offense be performed and that Charles Ray Jarrell, Sr. did shoot Marlin Earl Shuler with a pistol in furtherance of said crime, in violation of §13A-4-3 of the Code of Alabama,

AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA

Signed _____

District Attorney, Seventh Judicial Circuit of Alabama

. A TRUE BILL

Signed _____
FORELADY-FOREMAN

NO -or- _____ , Prosecutor

INDICTMENT FILED:

date Oct. 5 , 19 90

Indictment received in Open Court by Judge from Foreman (Forelady) in presence of at least 11 other Grand Jurors.

Bond Set at $ 500,000

Signed _____
JUDGE

Signed _Forrest Dobbins_ Clerk of Circuit Court
-or-
Signed _____ Deputy Clerk - Ass't

EXHIBIT B                    CC·90-1042

ALABAMA JUDICIAL INFORMATION CENTER

CASE ACTION SUMMARY
CIRCUIT CRIMINAL                      CASE: CC 90 001042 00

IN THE CIRCUIT COURT OF CALHOUN COUNTY                        JUDGE: RJL

STATE OF ALABAMA                    VS        CHANDLER DAVID RONALD
                                              RT 2 BOX 473 E
CASE: CC 90 001042 00                         PIEDMONT

CHARGE: CONSP COMM MUR   TYPE: F         DATE WAR/CAP ISSUED:   __/__/__

LITERAL: CONSPIRACY/COMMIT MURDER 13A-43  DATE ARRESTED:        __/__/__

DEFENDANT STATUS: FUGITIVE               DATE HEARING:          __/__/__

DEFENSE ATTORNEY:                        DATE RELEASED:         __/__/__

PROSECUTOR:      FIELD, ROBERT MARSHALL  DATE ARRAIGNED:        10/17/90

OFFICER:                      COUNSEL:   DATE TRIAL: _____ TIME:

DATE OF BIRTH:                           BOND/TYPE SURETIES:

RACE: W                   SEX: M         BOND AMOUNT:     $500000 .00

ALIAS NAME: _____                    DATE INDICTED:    10/5/990

AGENCY:                                  DATE FILED:       10/05/90

DC CASE NUMBER   DC 00 000000 00         WORTHLESS CHECK NO: _____

GRAND JURY NUMBER: 194                   COURT REPORTER: _____

ADDITIONAL INFORMATION AND REMARKS       SID NO:

Nolle Prossed

| ALE | ACTIONS, JUDGMENTS, CASE NOTES |
|-----|--------------------------------|
| | No Bindover. 10/6/90 GJ Capias issd. |
| 10/17/90 | OPNG. ☒ hire atty. |
| | Set 11/5/90 |
| 1-30-91 | This case is Hereby Ordered Removed to the Administrative Docket. RJL cc:DA |
| 4/19/91 | UPON MOTION OF THE HONORABLE JOE HUBBARD, THIS CASE IS HEREBY NOLLE PROSSED. RJL cc:DA+prosl |

**EXHIBIT C**

**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                                     *Washington. D.C. 20530*

CRM-200800909P                                                 MAY 1 8 2010

Mr. David R. Chandler
Reg. No. 17867-001
United States Penitentiary
P.O. Box 5300
Adelanto. CA 92301

Dear Mr. Chandler:

       This is in further response to your requests dated December 7, 2008, January 11, 2009 and January 20, 2009.

       Subsequent to our response dated December 11, 2009 additional records were located concerning you. Upon review, however, none of the five documents requested were located, specifically (a) "any Extradition Demand by the U.S. Attorney General's Office to the Governor of Alabama" for custody of David Chandler: (b) "Any Federal detainer or hold placed on...Chandler while he was in custody at Jefferson County Jail"; (c) "Any request for Temporary Custody by the United States Attorney General to the Governor of Alabama" relating to Chandler; (d) "Writ of habeas corpus ad prosequendum issued in Case " 1:90-CR-00266"; and (e) "Federal Arrest warrant and return".

       If you consider this response to be a denial of your request, you have a right to an administrative appeal of this determination. Your appeal should be addressed to: Office of Information Policy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. Both the envelope and the letter should be clearly marked with the legend "FOIA Appeal." Department regulations provide that such appeals must be received by the Office of Information Policy within sixty days of the date of this letter. 28 C.F.R. 16.9. If you exercise this right and your appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principal place of business, (3) in which the records denied are located, or (4) for the District of Columbia. If you elect to file an appeal, please include, in your letter to the Office of Information Policy, the Criminal Division file number that appears above your name in this letter.

       Sincerely,

Rena Y. Kim, Chief
Freedom of Information/Privacy Act Unit

Case 1:90-cr-00266-CLM-GMB   Document 552   Filed 06/19/15   Page 13 of 13
EXHIBIT D
Case: 1:90-cr-00266-JHH-TMP   As of: 12/17/2008 10:56 AM CST   36 of 47

| | | |
|---|---|---|
| 10/24/1995 | 419 | ORDER ( by Magistrate–Judge T M. Putnam ) as to David Ronald Chandler filed under seal cm (Former Employee) (Entered: 10/25/1995) |
| 10/24/1995 | 420 | ORDER ( by Magistrate–Judge T M. Putnam ) as to David Ronald Chandler filed under seal cm (Former Employee) (Entered: 10/25/1995) |
| 10/24/1995 | 421 | ORDER ( by Magistrate–Judge T M. Putnam ) as to David Ronald Chandler filed under seal cm (Former Employee) (Entered: 10/25/1995) |
| 10/24/1995 | 422 | ORDER ( by Magistrate–Judge T M. Putnam ) as to David Ronald Chandler filed under seal cm (Former Employee) (Entered: 10/25/1995) |
| 10/24/1995 | 423 | ORDER ( by Magistrate–Judge T M. Putnam ) as to David Ronald Chandler filed under seal cm (Former Employee) (Entered: 10/25/1995) |
| 10/24/1995 | 424 | ORDER ( by Magistrate–Judge T M. Putnam ) as to David Ronald Chandler filed under seal cm (Former Employee) (Entered: 10/25/1995) |
| 10/26/1995 | 425 | WRIT AP as to David Ronald Chandler ret 10/31/95 at 9:00 a.m. for hrg issued per oral order of Hon James H Hancock del USM (Former Employee) Modified on 10/26/1995 (Entered: 10/26/1995) |
| 10/26/1995 | 426 | ORDER ( by Judge James H. Hancock ) ; as the 10/23/95 order indicates, the court has had to bifurcate the evidentiary hearing originally set by its 10/11/95 order; the evidentiary hearing w/regard to all witnesses other than Drew Redden remains scheduled for 9:00 a.m. on Tuesday, 10/31/95; the evidentiary hearing w/regard to the testimony of Drew Redden is now scheduled for 8:30 a.m. on Friday 11/3/95 for David Ronald Chandler filed cm (Former Employee) (Entered: 10/26/1995) |
| 10/27/1995 | 427 | MOTION for presence of dft at evidentiary hearing by defendant David Ronald Chandler filed cs–dl JHH (Former Employee) (Entered: 10/27/1995) |
| 10/27/1995 | 428 | MOTION by miscellaneous party AL Dept Human Resour for protective order re:subpoenaes filed cs (Former Employee) (Entered: 10/30/1995) |
| 10/31/1995 | 429 | EX PARTE MOTION for order by defendant David Ronald Chandler filed under seal no cs dl TMP (Former Employee) (Entered: 10/31/1995) |
| 10/31/1995 | | 429 – ORDER ( by Magistrate–Judge T M. Putnam ) granting motion for order by defendant David Ronald Chandler [429–1] cm (Former Employee) (Entered: 10/31/1995) |
| 10/31/1995 | | 427 – ORDER ( by Judge James H. Hancock ) granting motion for presence of dft at evidentiary hearing by defendant David Ronald Chandler [427–1] cm (Former Employee) (Entered: 11/01/1995) |
| 10/31/1995 | | COURTROOM NOTES (before Judge James H. Hancock): in–court hearing began on 10/31/95 on issues outlined in court's order of 10/11/95 [DOC 407] – CrtRptr Margo Ellison (KAK) (Entered: 11/01/1995) |
| 11/01/1995 | | COURTROOM NOTES (before Judge James H. Hancock): Hearing continued – CrtRptr Margo Ellison (KAK) (Entered: 11/01/1995) |
| 11/03/1995 | | COURTROOM NOTES (before Judge James H. Hancock): Hearing continued – motion of DHR for protective order [DOC 428] – GRANTED orally – written order to be entered – taken under submission – written order to be entered by the court – CrtRptr |


