FILED
2015 Aug-20  AM 10:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA,            )
                                     )
vs.                                  )   Case No. 1:90-cr-266-JHH-TMP
                                     )
DAVID RONALD CHANDLER,               )
                                     )
            Defendant/Movant.        )

ORDER

On May 13, 2015,[1] the defendant/movant, David Ronald Chandler, filed a

"Motion Challenging Jurisdiction in Violation of the United States Constitution,"

alleging that his 1991 conviction is void because the court lacked subject matter

jurisdiction.   (Doc. 549).[2]   He alleges that the motion "presents evidence that

demonstrates the failure of the United States District Court for the Northern District

of Alabama, Birmingham Division,[3] to obtain subject matter jurisdiction from the

State of Alabama pursuant to the doctrine of Comity until after his State prosecution

---

[1]  Although the Clerk received the filing on May 18, 2015, under the prisoner mailbox rule, the filing is deemed as occurring on the date it is delivered to prison officials for mailing, which was May 13, 2015.

[2]  He also has filed a motion for appointment of counsel (Doc. 550), which is DENIED.

[3]  The court does not have a "Birmingham Division."  The case was tried in the Eastern Division of the court.

and conviction. The District Court conducted trial without required subject matter jurisdiction in violation of the United States Constitution." *Id., at 2.*

In support of the motion, Chandler alleges that he was arrested by state authorities and charged with conspiracy to commit murder in September 1990, arising out of the murder of Marlin Earl Shuler. He was arraigned in the Circuit Court of Calhoun County, Alabama on October 17, 1990. He was then charged by federal indictment on December 17, 1990,[4] for federal offenses involving the same murder of Marlin Earl Shuler. Following the return of the federal indictment, the state charges were placed on the Circuit Court's "administrative docket" on January 30, 1991. The record is not clear how he was turned over to federal authorities for trial.[5] At the trial of the federal charges, he was convicted on April 2, 1991, and ultimately sentence to death.[6]

---

[4] The court's records indicate that the indictment actually was returned by the grand jury on December 13, 1990, but immediately sealed. It was then unsealed on December 17, 1990, when Chandler made his initial appearance in federal court. His arraignment on the indictment occurred three days later, on December 20, 1990.

[5] When a federal defendant is in state custody, the district court typically issues a writ of *habeas corpus ad prosequendum* to "borrow" the prisoner from the state authorities for the purpose of appearances in the federal proceedings. Upon the completion of the federal proceedings, the prisoner is return to the state custody from which he was borrowed. In this case, the court's records do not memorialize the issuance of such a writ to obtain physical custody of Chandler.

[6] Chandler's death sentence was commuted to life without the possibility of parole by President Clinton on his last day in office, January 19, 2001.

On June 4, 2015, a magistrate judge of the court entered an order requiring Chandler to show cause why the motion challenging jurisdiction should not be considered a second or successive motion to vacate a conviction under 28 U.S.C. § 2255.  As such, the court would lack jurisdiction to consider the motion without preapproval from the court of appeals.  *See* 28 U.S.C. § 2255(h).  Movant responded to the magistrate judge's show cause order with his own "Motion to Show Cause" (Doc. 552), filed June 19, 2015, asserting:

> Chandler is unable to raise a lack of subject matter jurisdiction by Motion pursuant to 28 U.S.C. 2255 because the issue would be procedurally defaulted under the Tenet Doctrine.  The Tenet Doctrine, which establishes a priority of jurisdiction, dictates that Courts use the "procedural rules" same as Defendant.  Governing a Court's jurisdiction to dismiss a Motion prior to a ruling on the merits, even if the Motion raises a claim involving a defect in the Court's subject matter jurisdiction.   Chandler's inability to meet the strict procedural requirements of second or successive Motion pursuant to 28 U.S.C. 2255 in this specific case causes the remedy under 2255 to be inadequate or ineffective and permits him to file a Motion in the District Court raising the issue of subject matter jurisdiction.

*See* Doc. 552, at 2.  Thus, while acknowledging that such a jurisdictional claim usually is asserted in a § 2255 motion, movant contends that the "Tenet Doctrine" precluded him from doing so in his previously-filed § 2255 motion, resulting in the procedural default of the claim.  For that reason, he argues, § 2255 is an inadequate

remedy, allowing him to assert this motion as an alternative remedy under the § 2255 savings clause. For the reasons explained below, this argument is meritless, and the current motion is barred from consideration by the court as a second or successive § 2255 motion over which the court lacks subject matter jurisdiction.

First, movant acknowledges that he has previously filed and litigated to conclusion a § 2255 motion that failed to raise the instant jurisdictional challenge. The court's records indicate that movant filed his first § 2255 motion on March 20, 1995, with the assistance of counsel. It was docketed as Case Number 1:95-cv-8005-JHH. Following an evidentiary hearing, the motion was denied on April 7, 1997. A certificate of appealability was granted. Although a panel of the court of appeals initially vacated the movant's death sentence and remanded for a new sentencing hearing, the *en banc* court affirmed the denial of § 2255 by this court on July 21, 2000, with the mandate issuing on October 19, 2000. Soon thereafter, on January 19, 2001, President Clinton commuted the movant's death sentence to life in prison without parole.

It is clear from this history that movant's first § 2255 motion was litigated and resolved on the merits. This triggers the provisions of § 2255(h), which state:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Absent such a certification by the court of appeals, the district court has no jurisdiction to consider second or successively filed § 2255 motions. *See* 28 U.S.C. § 2244(b)(2). Because there is no certification by the court of appeals in the instant case, this court lacks subject matter jurisdiction to consider the instant motion on the merits.

Movant attempts to avoid this bar to a successive motion by asserting that the so-called "Tenet Doctrine" prevented him from raising the jurisdiction claim in his first § 2255 motion in 1995. Citing footnote 4 in the United States Supreme Court case of *Tenet v. Doe*, 544 U.S. 1, 125 S. Ct. 1230, 161 L. Ed. 2d 82 (2005), movant contends that the "Tenet Doctrine" holds "that a federal court is not obliged to decide jurisdictional issues before certain non-jurisdictional 'rule[s] designed not merely to defeat the asserted claims, but to preclude judicial inquiry.'" He apparently reads from this that, if the jurisdictional issue had been raised in his previous § 2255

motion, the court could have avoided ruling on it by addressing other non-jurisdictional issues that would have defeated the claim, namely, procedural default.[7] He contends, however, that because the want of subject matter jurisdiction is not waivable, the successiveness limitations of § 2255 render § 2255 inadequate or ineffective to remedy this claimed defect.

This argument, however, is self-defeating. If the absence of subject matter jurisdiction for a prosecution is not waivable, as he asserts, it would not have been barred from consideration by procedural default in the earlier § 2255 motion. Without subject matter jurisdiction for the prosecution, any subsequent conviction is not just voidable, but void. Notwithstanding movant's failure to raise the jurisdictional argument on direct appeal, § 2255 would remain an effective remedy for setting aside a conviction that is itself void as a matter of law. Such a claim cannot be barred by procedural default. Movant's invocation of a so-called "Tenet Doctrine" is unavailing. Nothing in *Tenet v. Doe* suggests that, in considering a § 2255 motion, a court may avoid ruling on a challenge to the subject matter

---

[7]   It is not clear, but movant seems to be asserting that if he had raised this jurisdictional issue in the previous § 2255 motion, it would have been procedurally defaulted because the claim had not been raised in the direct appeal of his conviction. Certainly, the absence of subject matter jurisdiction is the type of claim that can be raised at trial and on direct appeal from conviction. Of course, the fact that a procedural default precludes § 2255 relief with respect to a particular claim does not mean that § 2255 itself is an inadequate remedy for purposes of invoking the savings clause.

6

jurisdiction undergirding a conviction by invoking procedural default.[8]  Procedural default is not such a "threshold issue" comparable to abstention or prudential standing, as it can be overcome by a showing of cause and prejudice or factual innocence.

Second, even if something in the "Tenet Doctrine" did operate to preclude presentation of the claim in the earlier § 2255, under § 2255(h) that question is one for court of appeals to address in deciding whether to certify the filing of this § 2255 motion.  Under § 2255(h) and its reference to § 2244, the court of appeals may pre-approve the filing of a successive § 2255 motion in the district if the court of appeals finds that the claim relies on a new, retroactively applicable Supreme Court decision or on a factual predicate that could not have been discoverable with diligence at the time of the previous motion.  Absent that pre-approval, however, the district court must dismiss the motion.  The district court has no discretion, and it has no role in

---

[8] *Tenet* was an action against the Director of the Central Intelligence Agency by former spies seeking benefits allegedly promised to them in return for their spying activities.  The Supreme Court held that its earlier decision in *Totten v. United States*, 92 U.S. 105, 23 L. Ed. 605 (1876), precluded any claim based upon secret espionage agreements of the United States.  Because *Totten* provided a blanket preclusion of the claim, the Court recognized that it was unnecessary to first determine whether the district court had subject matter jurisdiction.  "[A]pplication of the *Totten* rule of dismissal, like the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971), or the prudential standing doctrine, represents the sort of 'threshold question' we have recognized may be resolved before addressing jurisdiction."  *Tenet v. Doe*, 544 U.S. 1, 6 n. 4, 125 S. Ct. 1230, 1235, 161 L. Ed. 2d 82 (2005).  No such "threshold question" existed movant's earlier § 2255 that would have excused consideration of a separate claim that the conviction was void for want of jurisdiction.

deciding whether the requirements for filing have been met; that decision is for the court of appeals alone.  Because there is no assertion by movant that he has obtained such pre-approval for this motion, it must be dismissed.

Movant seems to make that argument that he is invoking the savings clause in § 2255(e) for avoiding the exclusivity of the § 2255 remedy and for seeking relief in some other form.  Section 2255(e) provides that a writ of *habeas corpus* is not "authorized" as a form of relief for a prisoner seeking to set aside a federal conviction or sentence, "unless it also appears that the remedy by motion [under this section] is inadequate or ineffective to test the legality of the detention."  Plainly, § 2255 is an adequate and effective remedy for setting aside a conviction lacking subject matter jurisdiction.  Assuming the lack of subject matter jurisdiction for the court to try and convict the movant, such a claim could have been raised in the first § 2255 motion. There is no serious argument that the district court could not have granted relief in the previous § 2255 motion if jurisdiction was, in fact, lacking.  Movant himself agrees that procedural default would not have precluded relief in the first motion because jurisdictional claims are not waivable or forfeitable.  The absence of subject matter jurisdiction can be raised at any time during the pendency of the proceeding.  *United States v. Biro*, 143 F.3d 1421, 1431 (11th Cir.1998); *United States v. Giraldo-Prado*, 150 F.3d 1328, 1329 (11th Cir. 1998).  Likewise, the court of appeals could conclude

that movant should be given the chance to file and litigate such a claim notwithstanding the successiveness of the motion because, if true, there is *no* conviction at all to support his continued detention. Under either scenario, § 2255 provides an adequate and effective remedy. Thus, movant cannot show that, under the savings clause of § 2255(e), he must be allowed to pursue a *habeas* remedy because § 2255 is inadequate or ineffective as a remedy for this type of claim. Because movant must pursue a § 2255 remedy and because he has not obtained the pre-approval of the court of appeals to file this successive motion, this court lacks authority to consider the claim on the merits. It must be dismissed.

Finally, even if the court is mistaken in its belief that the instant challenge to movant's conviction is barred from consideration by this court as a successive motion, the claim is simply meritless. Movant assumes that the court's subject matter jurisdiction to render the conviction and sentence in this case stems from the procedures used to obtain custody of him following the December 13 indictment. The court's subject matter jurisdiction in a criminal case stems not from possession of the defendant's body, but from 18 U.S.C. § 3231, a grant of statutory jurisdiction from Congress. As several courts have explained:

"Subject-matter jurisdiction defines the court's authority to hear a given type of case...." *United States v. Morton*, 467 U.S. 822, 828, 104 S. Ct. 2769, 2773, 81 L.Ed.2d 680 (1984).

> [S]ubject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and, in almost all criminal cases, that's the beginning and the end of the jurisdictional inquiry. Congress, however, can create additional statutory hurdles to a court's subject matter jurisdiction through separate jurisdictional provisions found in the substantive criminal statute itself under which a case is being prosecuted.

*United States v. Tinoco*, 304 F.3d 1088, 1105 n. 18 (11th Cir. 2002) (citation, quotation, and alterations omitted).

*Gallaher v. United States*, 271 F. App'x 946 (11th Cir. 2008). Defects in indictments do not deprive the court of subject matter jurisdiction, because that jurisdiction is conferred by act of Congress. *See United States v. Brown*, 752 F.3d 1344, 1348 (11th Cir. 2014). Likewise, illegalities or irregularities in obtaining physical custody of a federal defendant do not deprive the court of subject matter jurisdiction over the prosecution of a federal offense. "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474, 100 S. Ct. 1244, 1251, 63 L. Ed. 2d 537 (1980), citing *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S. Ct. 854, 865, 43 L.Ed.2d 54 (1975); *Frisbie v. Collins*, 342 U.S. 519, 72 S. Ct. 509, 96 L. Ed. 541 (1952); *Ker v.*

*Illinois*, 119 U.S. 436, 7 S. Ct. 225, 30 L. Ed. 421 (1886).  In this case, the mere fact that a State criminal prosecution had commenced against the movant at the time he was transferred from State to federal custody does not implicate the court's subject matter jurisdiction.  The district court always retained *subject matter jurisdiction* by virtue of the statutory grant contained in 18 U.S.C. § 3231.  The claim, therefore, is meritless, even if the court is not barred from addressing it by § 2255(e).

For the foregoing reasons, the movant's "Motion Challenging Jurisdiction in Violation of the United States Constitution" is DENIED and DISMISSED. Defendant/movant's "Motion to Show Cause" also is DENIED.

The Clerk is DIRECTED to mail a copy of the foregoing to the defendant/movant.

**DONE** this the __20th__ day of August, 2015.

_____
SENIOR UNITED STATES DISTRICT JUDGE