FILED

2015 Sep-08  AM 10:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

EASTERN DIVISION

FILED

2015 SEP -4 A 11: 18

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ] | |
| Plaintiff, | ] | |
| | ] | |
| | ] | |
| vs. | ] | Case No. 1:90-cr-266-JHH-TMP |
| | ] | |
| DAVID RONALD CHANDLER, | ] | |
| Defendant/Movant. | ] | |

## MOTION TO RECONSIDER

**COMES NOW**, Defendant, David Ronald Chandler, and respectfully submits his Motion to Reconsider and states the following in support thereof:

1. First and foremost, Defendant/Movant David Ronald Chandler, would like to thank the Court and Judge James H. Hancock for the explanation and statement of law to his motion challenging jurisdiction in violation of the United States Constitution, and the scenarios that could take place in his situation.

2. Defendant, David Ronald Chandler must admit he likes the scenario that Judge Hancock gives stating that the Court of Appeals could conclude that Chandler should be given the chance to file and litigate such a claim **"notwithstanding the successiveness of the motion"** because, if true, there is no

1.

conviction at all to support his continued detention.

3.  David Ronald Chandler would like to state to the Court that he is not schooled in the law, and sometimes misinterprets the Court's rulings in cases. He asks the Court please not hold that against him.

### Facts That Chandler Would Ask the Court to Reconsider:

A.  Under the plain error standard, the Court may correct a plain forfeited error affecting substantial rights if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. The Court and Judge Hancock can re-characterize Chandler's Motion as a 60(b) and correct the error if they wished to do so.

B.  Chandler would ask  the Court and Judge Hancock to reconsider that Jeopardy had already attached to the murder of Marlin Earl Shuler in Calhoun County, Alabama on October 17, 1990, and that "Comity" will ordinarily prevent a Federal Court from interfering with a pending State criminal prosecution. **Younger v. Harris**, 401 U.S. 37. In this case, the defendants wanted the Federal Government to get involved. In Chandler's case, he did not want the Federal Government to get involved until after the State case ran its course. The prosecution could not convict Chandler in Calhoun County, Alabama. This was a move by Joe Hubbard, the State Prosecutor, who sought to achieve

2.

a tactical advantage over David Ronald Chandler. Joe Hubbard
needed to change the venue from the citizens' and community ~~that~~ knew
Chandler, and knew he did not murder Marlin Earl Shuler. As this
Court knows and Judge Hancock is aware of, the prosecution wit-
nesses recanted their testimony in this case. The prosecutor's
witness stated that they only testified against David Ronald
Chandler to get a deal and that their testimony was not true.
David Ronald Chandler is not guilty of the murder of Marlin Earl
Shuler, and had this case ran its course in Calhoun County,
Alabama where jurisdiction and jeopardy had already attached,
Chandler would have been found not guilty of the murder of Marlin
Earl Shuler.

C. Had Chandler's State case ran its course, and Chandler been
   found not guilty of the murder of Marlin Earl Shuler, under
   the **Blockburger Test,** the Government could not have charged
   Chandler with the murder of Marlin Earl Shuler. **Blockburger
   v. United States,** 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed
   306 (1932). The Supreme Court has clarified that the **Block-
   burger Test** asks whether each offense contains an element not
   contained in the other, and establishes that double jeopardy
   bars additional punishment, and successive prosecution if
   they do not. **United States v. Dixon,** 509 U.S. 688, 696, 113
   S. Ct. 2849, 125 L.Ed 2d 556 (1993). The Double Jeopardy
   Clause of the Fifth Amendment protects a criminal defendant
   from being subjected to multiple prosecution for the same

3.

offense. U.S. Constitution Amendment V. Jeopardy attached when David Ronald Chandler was arraigned in the Circuit Court of Calhoun County, Alabama on October 17, 1990. The State of Alabama had subject matter jurisdiction over the murder of Marlin Earl Shuler and the record is clear to this fact. What happened here, is the Federal Government **snatched Chandler** without warrant nor writ of Habeas Corpus Ad Prosequendum. Then tried him for the same murder of Marlin Earl Shuler that the State of Alabama had already arraigned him on, and Jeopardy had already attached - a clear violation of the Constitution of the United States, and a miscarriage of justice.

D.  David Ronald Chandler has tried to do some research governing applications for leave to file a second or successive 28 U.S.C. § 2255 motion. What Chandler has found out, it is nearly impossible to win relief on a Second or Successive Motion. Since the enactment of the AEDPA in 1996, the Supreme Court has not yet found any circumstances sufficiently "exceptional" to warrant consideration of an original petition.

E.  Last but not least, it has been over twenty-four years since Judge Hancock sentenced David Ronald Chandler to die. Since then, Charles Jarrell, the one who actually murdered Marlin Earl Shuler, then recanted his testimony telling Judge Hancock that he only implicated Chandler to get a deal.

4.

He died of tongue cancer at the age of 58. Then the Prosecutor, Joe Hubbard, the one who thought all this up, the one who get Charles Jarrell a deal to implicate Chandler, died of brain cancer also at approximately the age of 58. David Ronald Chandler wants to ask Judge Hancock: Doesn't he find the way these men died to be kind of ironic? The one who thought it all up, Joe Hubbard, died of brain cancer and then the one who spoke the lies, Charles Jarrell, died of tongue cancer. Chandler would like to state to the Court and Judge Hancock, that he finds no satisfaction in these mens' deaths, but maybe this is God's Justice.

Wherefore, David Ronald Chandler **PRAYS** that this Court and Judge Hancock **GRANT** his motion to reconsider or, in the alternative, order the Government to respond to his original motion.

Respectfully submitted,

*David Ronald Chandler*

David Ronald Chandler, pro-se
#17867-001
FCI Talladega
PMB 1000
Talladega, Alabama 35160

5.

## Certificate of Service

I, the undersigned David Ronald Chandler hereby certify that a true and correct copy of the foregoing document was forwarded to the following address with proper postage affixed thereon in the prison legal mail system on this 1st day of September, 2015 to:

Joyce White Vance
1801 4th Avenue, North
Birmingham, Alabama 35203-2101

/s/ David Ronald Chandler

David Ronald Chandler

## Verification

I, David Ronald Chandler, affirm under penalty of perjury, that the foregoing is true and correct.

9-1-2015

Date

David Ronald Chandler

David Ronald Chandler
#17867-001
FCI Talladega
PMB 1000
Talladega, AL 35160

6.